# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

                Plaintiff,

vs.                                                          Case No. 3:19-cv-251-J-39JRK

JOHN DOE subscriber assigned IP
address 97.104.2.170, an individual,

                Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference and Incorporated Memorandum of Legal Authority (Doc. No. 7; "Motion"), filed March 13, 2019. In the Motion, Plaintiff (the owner of "adult motion pictures featured on its subscription-based websites") seeks permission to serve Defendant's alleged Internet Service Provider ("ISP") with a subpoena prior to the case management conference that is required by Rule 26(f), Federal Rules of Civil Procedure ("Rule(s)"). Motion at 2. On April 12, 2019, the Court entered an Order (Doc. No. 9) taking the Motion under advisement and directing Plaintiff to file the proposed subpoena that is the subject of the Motion. Plaintiff filed the proposed subpoena (Doc. No. 10; "Proposed Subpoena") on April 15, 2019.

Typically, parties cannot engage in discovery prior to the case management conference. See Fed R. Civ. P. 26(d)(1) (prohibiting a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)" unless otherwise authorized by court order). Plaintiff contends the third-party subpoena is needed to identify Defendant, the individual who subscribes to the ISP and is only known at this time by an

internet protocol ("IP") address. Motion at 2. Plaintiff represents that the "subpoena will only demand the true name and address of Defendant." Id. at 3; see also Proposed Subpoena at 1. "Without this information," says Plaintiff, it "cannot serve Defendant nor can it pursue this lawsuit and protect its copyrights." Motion at 3.

To determine whether a plaintiff should be permitted to engage in discovery prior to a Rule 26(f) conference, courts typically apply a good cause standard. See, e.g., TracFone Wireless, Inc. v. Adams, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citations omitted); Malibu Media, LLC v. Doe, No. 2:13-cv-259-Ftm-99SPC, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013) (unpublished) (citations omitted); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (citations omitted). Upon consideration of the Motion, the Proposed Subpoena and supporting documentation, and the remainder of the file, the undersigned finds Plaintiff has met the good cause standard to serve a third-party subpoena in that Plaintiff has sufficiently alleged infringement, and it does not have another way to discover Defendant's (the alleged infringer's) identity to serve Defendant with process and proceed with the litigation.

The Court recognizes, however, that the subscriber at the IP address at issue may not be the same individual who engaged in the alleged infringing activity. There is a substantial risk that a non-infringing party could be identified and served. As noted by one court:

> [W]hile there is a single subscriber for the IP address, numerous people may use the computers that connect to the Internet through the router that has that IP address. This could be the case in a household, an apartment building, or a dormitory. Similarly, one computer may be used by multiple people. Thus, while the computer has a single IP address each time it connects to the Internet, and one subscriber, multiple people may use that computer. Thus, the subscribers are not necessarily the individuals who infringed [the p]laintiff's copyright.

Bubble Gum Prods., LLC v. Does 1-80, No. 12-20367-CIV, 2012 WL 12886980, at *1 (S.D. Fla. Apr. 6, 2012) (unpublished). These concerns are insufficient to deny Plaintiff's access to the discovery sought, but certain procedural protections are warranted before any information identifying the subscriber is made public.

Consistent with the above, it is

**ORDERED:**

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference and Incorporated Memorandum of Legal Authority (Doc. No. 7) is **GRANTED** to the extent set forth in the following paragraphs.

2. Plaintiff may serve Charter Communications, Inc./Spectrum ("Charter/Spectrum") with a Rule 45 subpoena commanding Charter/Spectrum to provide Plaintiff with **the name and address** of the subscriber of the identified IP address ("the Subscriber"). Plaintiff shall attach to the subpoena a copy of the Complaint and this Order.

3. If Charter/Spectrum qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states,

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system;

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states,

> A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

by sending a copy of this Order to the Subscriber prior to disclosing the information to Plaintiff.

4. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on Charter/Spectrum for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

5. At least **14 days** prior to seeking issuance of a summons from the Clerk that names the Subscriber as Defendant, Plaintiff must: 1) notify the Subscriber (or counsel if the Subscriber is represented) in writing of Plaintiff's intent to name the Subscriber as Defendant and serve the Subscriber in this case; and 2) file a Notice with the Court indicating that it has notified the Subscriber of such.

6. The Subscriber may file a motion to proceed anonymously in this case, no later than **14 days** after receiving notification from Plaintiff of its intent to name and serve him or her as the defendant in this case. If such motion is filed, Plaintiff shall respond to the motion within the time allowed by the Federal Rules of Civil Procedure.

7. The proposed order attached to the Motion (Doc. No. 7-5) is **STRICKEN**, and the Clerk of the Court is directed to remove it from the official court record.[1]

**DONE AND ORDERED** at Jacksonville, Florida on April 23, 2019.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

---

[1] Although the Court appreciates Plaintiff's efforts in preparing a proposed order, its submission is inconsistent with the Court's Administrative Procedures for Electronic Filing, Section IV.A.4, that states, "No proposed order may be submitted unless authorized by the assigned judge." See also Local Rule 1.01(a).